990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert D. GIBSON, Petitioner-Appellant,
v.
James ROWLAND, Director, Respondent-Appellee.
 No. 92-55447.
 United States Court of Appeals, Ninth Circuit.
 March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert D. Gibson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. 2254 petition for habeas corpus. Gibson contends that certain incriminating statements should not have been admitted at trial because they were coerced or obtained in violation of his Miranda rights. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.[1]
 
 
 3
 Gibson contends that the trial court should have suppressed incriminating statements he made to a Texas state trooper, because Gibson had not made a valid implied waiver of his Miranda rights. This contention is without merit.
 
 
 4
 In order to admit statements made during interrogation, the prosecution must show both that the defendant was informed of his or her Miranda rights, and that the defendant waived those rights. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). Police questioning constitutes interrogation if, in light of all the circumstances, the questioner should have known that the question was reasonably likely to elicit an incriminating response. United States v. Disla, 805 F.2d 1340, 1347 (9th Cir.1986). Miranda rights need not be waived expressly; in some cases, "waiver can be clearly inferred from the actions and words of the person interrogated." North Carolina v. Butler, 441 U.S. 369, 373 (1979); Terrovona, 912 F.2d at 1179. This determination must be based on the facts and circumstances of the case, including the background, experience, and conduct of the defendant. Butler, 441 U.S. at 374-75.
 
 
 5
 Gibson was stopped by a Texas state trooper and read his Miranda rights. The trooper then called the Los Angeles Police Department, and confirmed that Gibson was wanted for murder. The trooper then said to Gibson, "Robert, I just can't see you killing anybody." Gibson made incriminating statements in reply, which were admitted at trial as evidence of his guilt.
 
 
 6
 The trooper admitted that he made the statement in order to elicit a response from Gibson; thus, the statement constitutes interrogation. See Disla, 805 F.2d at 1347. Gibson received his Miranda rights, and indicated that he understood them. He then voluntarily responded to the trooper's statement. Under these circumstances, we find that Gibson impliedly waived his Miranda rights, and the exchange was properly admitted. See Butler, 441 U.S. 374-75; Terrovona, 912 F.2d at 1180 (incriminating statement properly admitted when defendant understands his rights and does not indicate that he wishes to remain silent).
 
 
 7
 Gibson further contends that his written confession should not have been admitted because it was coerced. This contention is procedurally barred.
 
 
 8
 When a state procedural rule bars litigation of a claim in state court, federal habeas review is available only if the prisoner can show cause and prejudice for his procedural default. Coleman v. Thompson, 111 S.Ct. 2546, 2554 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907 (9th Cir.1986). California law requires a defendant to make a specific objection at trial in order to raise a Miranda claim on appeal. People v. Milner, 753 P.2d 669, 675 (Cal.1988). The California Court of Appeal refused to hear Gibson's coerced confession claim, because he failed to object to the admission of the confession at trial. Thus, Gibson must show cause and prejudice for his procedural default in order to merit habeas relief. See Coleman, 111 S.Ct. at 2554.
 
 
 9
 Gibson contends that he received ineffective assistance from counsel, and that this establishes cause for his procedural default. To show ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient, and that the deficient performance prejudiced his defense. Iaea v. Sunn, 800 F.2d 861, 864 (9th Cir.1986); Strickland v. Washington, 466 U.S. 668, 687 (1984). Gibson's counsel did not object to the admission of the confession because he felt that it strengthened Gibson's defense (that he was confessing to protect a friend), and because he felt that Gibson's evident remorse would elicit sympathy from the jury. Because the failure to object could reasonably be considered sound trial strategy, we find that Gibson did not receive ineffective assistance of counsel. See Strickland, 466 U.S. at 689. Because Gibson has not shown cause for his procedural default, we need not consider his coerced confession claim. See Coleman, 111 S.Ct. at 2566-68.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gibson filed a notice of appeal on February 12, 1992, more than 30 days after judgment was entered on January 9, 1992. However, Gibson filed a request for a certificate of probable cause on December 23, 1991, which we construe as a notice of appeal. See Fed.R.App.P. 3(c) (appeal shall not be dismissed for informality of form or title of the notice of appeal); Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991) (request for certificate of probable cause construed as notice of appeal)
 Although Gibson's notice of appeal was filed prior to the entry of judgment, we construe it as timely. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 111 S.Ct. 648, 652-53 (1991) (premature notice of appeal deemed timely if appellant reasonably believed that he was appealing a final judgment); In re Eastport Assocs., 935 F.2d 1071, 1075 (9th Cir.1991) (premature notice of appeal cured by entry of final judgment).