**James Richard TERROVONA,**
**Petitioner–Appellant,**

**v.**

**Lawrence KINCHELOE, Warden,**
**Respondent–Appellee.**

**No. 89–35547.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 1990.

Decided Aug. 31, 1990.

James Richard Terrovona, Walla Walla, Wash., pro per.

John M. Jones, Asst. Atty. Gen., Olympia, Wash., for respondent-appellee.

Before WRIGHT, BEEZER and TROTT, Circuit Judges.

TROTT, Circuit Judge:

James Terrovona appeals *pro se* the district court's denial of his habeas corpus petition. He contends the trial court admitted into evidence incriminating statements and testimony on his probationary status in violation of the Fourth, Fifth, and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 2253 (1988), and we affirm.

## FACTS and CASE HISTORY

The facts of this case are stated in *Terrovona v. Kincheloe,* 852 F.2d 424, 425–26 (9th Cir.1988) (*"Terrovona I"*). Additional facts will be presented in conjunction with our discussion of specific claims.

In *Terrovona I,* the panel remanded for consideration of: 1) whether Terrovona's warrantless arrest was illegal, and if so, whether an incriminating statement he made incident to the arrest should have been suppressed; 2) whether Terrovona voluntarily waived his *Miranda* rights[1]; and 3) whether the admission of evidence regarding Terrovona's status as a federal probationer violated due process.

On remand, the district court denied Terrovona's requests for appointed counsel and an evidentiary hearing. The court then found that *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), barred Terrovona's warrantless arrest claim, and that Terrovona's understanding of his *Miranda* rights indicated a valid implied waiver. The court also found that the admission of evidence of Terrovona's probationary status was not so "arbitrary or fundamentally unfair" as to constitute a violation of due process.

## ANALYSIS

### I

### *Standard of Review*

We review a district court's denial of a petition for writ of habeas corpus de novo. *Norris v. Risley,* 878 F.2d 1178, 1180 (9th Cir.1989). "To the extent it is necessary to review findings of fact, the clearly erroneous standard applies." *Id.* We review the denial of an evidentiary hearing for abuse of discretion. *Watts v. United States,* 841 F.2d 275, 277 (9th Cir. 1988). Where no evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.), *cert. denied,* 479 U.S. 867, 107 S.Ct. 228, 93 L.Ed.2d 155 (1986).

### II

### *Warrantless Arrest*

A. Applicability of *Stone v. Powell*

Terrovona claims his arrest in his home violated the Fourth Amendment prohibition against unreasonable seizures because the police lacked probable cause and no exigent circumstances were present. He argues further that an incriminating statement he made incident to the arrest must be suppressed as the fruit of this illegal seizure.

The district court correctly determined that *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), bars petition-

---

1. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

er from raising his Fourth Amendment warrantless arrest claim in a federal habeas action. The petitioner in *Stone* alleged that because he was arrested pursuant to an unconstitutional ordinance, a revolver obtained incident to the arrest should be excluded as the fruit of an illegal seizure. The Court rejected this argument, holding that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494, 96 S.Ct. at 3052 (footnote omitted).

In *Myers v. Rhay*, 577 F.2d 504, 507–09 (9th Cir.), *cert. denied*, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978), the petitioner claimed his statements should be excluded because they were made incident to an arrest executed pursuant to a defective warrant. We rejected his claim: "Even assuming that the ... arrest warrant was unconstitutionally issued and that the subsequent arrest ... was therefore illegal, we find that there is no basis for relief on this claim in light of *Stone v. Powell*." 577 F.2d at 508 (footnote and citation omitted).

We conclude that *Stone* and *Myers* bar federal habeas review of Terrovona's warrantless arrest claim. Although the petitioners in those cases challenged the legali-

ty of their arrests on grounds different from those asserted by Terrovona, such differences do not suffice to exempt this case from the broad rule announced in *Stone*. *See* 4 W. LaFave *Search and Seizure: A Treatise on the Fourth Amendment* § 11.7(f), at 546–47 (2d ed. 1987).[2]

### B. Opportunity for Full and Fair Litigation [3]

Terrovona contends the state courts denied him an opportunity for full and fair litigation of his warrantless arrest claim because they failed to apply the standard enunciated in *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).

The *Stone* Court did not specify a test for determining whether a State has provided an opportunity for full and fair litigation of a claim, but did cite the case of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), in a footnote.[4] In *Mack v. Cupp*, 564 F.2d 898 (9th Cir. 1977), we said that although the *Townsend* test "must be given great weight in defining what constitutes full and fair consideration under *Stone*," it need not "always be applied literally ... as the sole measure of fullness and fairness." 564 F.2d at 901. We have also considered the extent to which the claims were briefed before and considered by the state trial and appellate

---

**2.** As the district court correctly noted, other circuits have applied *Stone* to Fourth Amendment warrantless arrest claims. *See, e.g., Howard v. Pung*, 862 F.2d 1348, 1350–51 (8th Cir. 1988), *cert. denied*, — U.S. —, 109 S.Ct. 3247, 106 L.Ed.2d 593 (1989); *United States ex rel. Patton v. Thieret*, 791 F.2d 543, 547 (7th Cir.), *cert. denied*, 479 U.S. 888, 107 S.Ct. 284, 93 L.Ed.2d 259 (1986); *Gilbert v. Parke*, 763 F.2d 821, 823–24 (6th Cir.1985); *McPhail v. Warden, Attica Correctional Facility*, 707 F.2d 67, 69–70 (2d Cir.1983); *Antone v. Strickland*, 706 F.2d 1534, 1540–41 (11th Cir.), *cert. denied*, 464 U.S. 1064, 104 S.Ct. 750, 79 L.Ed.2d 206 (1983); *Palmigiano v. Houle*, 618 F.2d 877 (1st Cir.), *cert. denied*, 449 U.S. 901, 101 S.Ct. 272, 66 L.Ed.2d 132 (1980). Although Terrovona attempts to distinguish these cases on their facts, he cannot deny that they involved the application of *Stone* to warrantless arrest claims.

**3.** We reject the State's argument that the *Terrovona I* panel addressed Terrovona's opportunity for full and fair litigation of his warrantless

arrest claim. The cited discussion, at 852 F.2d at 428, clearly referred to Terrovona's other Fourth Amendment claims.

**4.** *Stone*, 428 U.S. at 494 n. 36, 96 S.Ct. at 3052 n. 36. In *Townsend*, the Court held that a federal court must grant a habeas petitioner an evidentiary hearing

If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. 372 U.S. at 313, 83 S.Ct. at 757.

courts. *Abell v. Raines,* 640 F.2d 1085, 1088 (9th Cir.1981).

As Terrovona challenges the state courts' application of the law, rather than their factual determinations, the *Abell* factors are more useful than the test enunciated in *Townsend.* The transcript of the suppression hearing, including nearly one hundred pages of examination and cross-examination of the arresting officers, indicates that the trial court gave ample consideration to the legality of Terrovona's arrest. Both parties referred to *Payton* and assumed it governed the issue.[5] At the end of the hearing, the judge reviewed the factors indicating probable cause for the arrest and considered whether exigent circumstances justified the arrest. Although the trial judge did not refer to *Payton* by name, he applied the pertinent tests.

A substantial portion of Terrovona's brief before the Washington Supreme Court[6] was devoted to the issue of whether the police had probable cause to arrest, and whether the warrantless arrest ran afoul of *Payton.* The Supreme Court considered the issues of probable cause and exigent circumstances and, contrary to Terrovona's claim, cited and applied *Payton. State v. Terrovona,* 105 Wash.2d 632, 643–45, 716 P.2d 295, 301–02 (1986) (en banc).[7]

Since Terrovona received "an opportunity for full and fair litigation" of his Fourth Amendment claim, his case does not fall within the exception to *Stone.*[8]

### III

*Implied Waiver of Miranda Rights*[9]

In *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979), the Supreme Court determined that a waiver of *Miranda* rights need not be express: "[I]n at least some cases waiver can be clearly inferred from the actions and words of the person interrogated." 441 U.S. at 373, 99 S.Ct. at 1757. "[T]he question of waiver must be determined on 'the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Id.* at 374–75, 99 S.Ct. at 1757–59 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).[10]

■ The facts surrounding the alleged waiver, as found by the district court,[11] are as follows. Detective Bart had Terrovona read aloud from a standard *Miranda* form. Bart and Terrovona at the time were in Terrovona's apartment where he had been arrested. Bart asked Terrovona whether he understood what he had read, and Terrovona responded: "Yeah. It means I'm under arrest." Bart responded that the form meant he had the right to have an attorney and to remain silent.[12] Detective Ward then informed Terrovona of his stepfather's death and asked of his whereabouts

---

5. The prosecutor stated: "The only issue that appears to be raised by the Defense is that of the propriety of arrest without a warrant as *Payton versus New York* raises. I think the briefs set out what the issues in *Payton* are...."

6. The Washington Supreme Court took direct review of the case.

7. Although the Washington Supreme Court relied upon *Dorman v. United States,* 435 F.2d 385 (D.C.Cir.1970), as "a leading case in defining exigencies," *Terrovona,* 105 Wash.2d at 644, 716 P.2d at 301, it did not do so to the exclusion of *Payton,* as Terrovona suggests.

8. *Gamble v. Oklahoma,* 583 F.2d 1161 (10th Cir.1978), cited by Terrovona, does not apply here, as that case involved "a state court's wilful refusal to apply the appropriate constitutional standard." 583 F.2d at 1165.

9. We reject the State's suggestion that we find Terrovona's claimed barred under the rationale set forth in Justice O'Connor's concurrence in *Duckworth v. Eagan,* ⸺ U.S. ⸺, 109 S.Ct. 2875, 2881–85, 106 L.Ed.2d 166 (1989), as this issue was not presented to the district court or fully briefed before this court.

10. *See also Fare v. Michael C.,* 442 U.S. 707, 725, 99 S.Ct. 2560, 2572, 61 L.Ed.2d 197 (1979) (validity of waiver determined by analysis of "the totality of the circumstances surrounding the interrogation").

11. Because these findings are not clearly erroneous, they withstand Terrovona's challenge. *Norris v. Risley,* 878 F.2d 1178, 1180 (9th Cir.1989).

12. Detective Ward testified that Terrovona responded that he understood his rights and had been given them before.

that evening. Terrovona responded that he had been with friends. During this questioning, officers were quickly checking the premises for people and weapons. Terrovona objected to what he considered to be a warrantless search of his apartment. As the cursory search continued, Terrovona stated that he "didn't shoot Gene," intending to exculpate himself. Upon realizing that the statement was actually incriminating (because the police had not mentioned a shooting), Terrovona immediately abandoned his attempt to talk his way out of trouble, and asked for an attorney. The questioning then ceased.

Terrovona was handcuffed when he read aloud from the *Miranda* form. Detectives Bart and Ward testified that they did not ask Terrovona to sign the form in the space designated for indicating a waiver because Terrovona was handcuffed. Detective Ward testified that the officers never asked Terrovona if he wanted to waive his rights [13] and that Terrovona had never stated a desire to waive his rights.

Terrovona, described by the district court as an "articulate and college-educated adult," does not seriously contend he did not understand his rights under *Miranda*, or that he expressly refused to waive his rights. Rather, he argues that his response to Detective Ward's questions about the crime should not constitute a waiver.

This circuit has acknowledged that the prosecution must show both that the defendant was informed of his or her *Miranda* rights and that the defendant waived those rights. *United States v. Ramirez*, 710 F.2d 535, 542 (9th Cir.1983). In *United States v. Wallace*, 848 F.2d 1464 (9th Cir. 1988), the defendant received *Miranda* warnings and remained silent for several minutes despite repeated questioning by a DEA agent before ultimately making an incriminating response. The court concluded that the agent's questioning, "after [the

defendant's] initial refusal to respond, violated an express directive of *Miranda:* 'If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease.'" 848 F.2d at 1475 (quoting *Miranda*, 384 U.S. at 473–74, 86 S.Ct. at 1627–28); *see also United States v. Christian*, 571 F.2d 64 (1st Cir.1978).[14]

Unlike the defendant in *Wallace*, Terrovona gave the detectives no indication that he wished to remain silent. Rather, he offered an alibi to explain his whereabouts on the evening in question, indicating a willingness to talk. Moreover, as the district court correctly noted, he demonstrated an ability to assert his rights when he objected to the search of his apartment and when he requested an attorney after making an incriminating statement. In light of Terrovona's background, experience, and conduct, we conclude that he made a valid implied waiver of his *Miranda* rights. *See Gorham v. Franzen*, 760 F.2d 786 (7th Cir.), *cert. denied*, 474 U.S. 922, 106 S.Ct. 255, 88 L.Ed.2d 262 (1985); *United States v. Ogden*, 572 F.2d 501 (5th Cir.) (per curiam), *cert. denied sub nom. Rankin v. United States*, 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).

## IV

### *Evidence of Prior Conviction*

■ Terrovona claims "the State Court erroneously evaluated the probative value against the prejudicial effect" in admitting the testimony of his probation officer. The probation officer testified regarding Terrovona's request for permission to carry a firearm based on his fear of the deceased, and regarding statements Terrovona made about the deceased's mishandling of the proceeds of Terrovona's mother's estate.

As the *Terrovona I* panel stated, Terrovona can be granted habeas corpus relief

---

13. We note that this omission has resulted in the expenditure of unnecessary time and effort by two state courts, a federal district court, and two panels of this court.

14. Since Terrovona was never asked to sign the waiver form, Ninth Circuit cases addressing the

significance of a defendant's refusal to sign a waiver form are not on point. *See, e.g., United States v. Heldt*, 745 F.2d 1275, 1277–79 (9th Cir.1984); *United States v. Alderdyce*, 787 F.2d 1365, 1368–69 (9th Cir.1986).

based on the admission of bad act testimony "only if the 'admission of the testimony was arbitrary or fundamentally unfair.'" 852 F.2d at 429 (quoting *Colley v. Sumner,* 784 F.2d 984, 990 (9th Cir.), *cert. denied,* 479 U.S. 839, 107 S.Ct. 142, 93 L.Ed.2d 84 (1986)).

The district court correctly found that the admission of the probation officer's testimony was not "arbitrary or fundamentally unfair." The trial court heard arguments from both sides, balanced the probative weight against the prejudicial effect, as required by Washington Rule of Evidence 404,[15] and gave a cautionary instruction before admitting the testimony.[16] The probation officer's testimony was highly probative evidence on the relationship between Terrovona and his stepfather and on a possible motive for the murder. Although the prosecution presented two other witnesses to testify as to motive, the officer's testimony as to Terrovona's request for permission to carry a firearm was unique and thus not cumulative. The admission of this testimony did not violate due process.

## V

### *Evidentiary Hearing and Appointment of Counsel*

#### A. Evidentiary Hearing

■ "An evidentiary hearing is mandatory if (1) the petitioner's allegations, if proved, would establish the right to relief; and (2) the state court trier of fact has not, after a full and fair hearing, reliably found the relevant facts." *Terrovona I,* 852 F.2d at 429 (citing *Van Pilon v. Reed,* 799 F.2d 1332, 1338 (9th Cir.1986)); *see also* factors enunciated in *Townsend, supra* note 4. After finding that "Terrovona's claims of warrantless arrest (tainted confession), involuntary waiver and improper admission of bad act testimony, if proven, would establish right to relief," the *Terrovona I* panel stated: "If a full and fair hearing that reliably found the facts did not occur, we instruct the district court to appoint counsel for any evidentiary hearing that might be required." 852 F.2d at 429.

■ Terrovona argues, essentially, that the trial court did not reliably find the facts because it admitted into evidence the incriminating statements and testimony on his probationary status. He thus alleges mistakes in the court's legal determinations, rather than the way in which it found the pertinent facts. In light of the narrow standard of review and Terrovona's failure to assert any deficiencies in the trial court's fact-finding processes, we reject Terrovona's claim.

#### B. Appointment of Counsel

■ *Terrovona I* obligated the district court to appoint counsel only if an evidentiary hearing was required. As mentioned above, the district court determined that no such hearing was required. Under 18 U.S.C. § 3006A(a)(2)(B) (1988), a habeas petitioner may obtain representation whenever a magistrate or the district court "determines that the interests of justice so require." We assess the district court's exercise of discretion by determining whether denial of appointed counsel amounted to a violation of due process. *Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.

**15.** Washington Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**16.** The court instructed:

The testimony of Mr. Campbell is to be considered by you only insofar as it relates to the circumstances surrounding the conversation that was had between Mr. Campbell and the Defendant at the particular time and place. Evidence that may come out that the Defendant had been previously convicted of a crime is not evidence of the Defendant's guilt nor should such evidence be considered by you in giving weight or credibility to the testimony of Mr. Campbell. In other words, the background of the Defendant has nothing to do, as regards the conviction, has nothing to do with this case and you shall not judge it as regards the Defendant's credibility or the weight to be given to it as to the background of the circumstances of conviction.

**1182**

1986); *Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1911, 95 L.Ed.2d 516 (1987).

In the present case, the issues were briefed and argued in two state courts, as well as in federal district court and before a panel of this court. The *Terrovona I* panel sufficiently narrowed the issues to be considered on remand. In light of this extensive case history and the generous standard for assessing *pro se* petitions, including de novo review in this court, we find that the district court did not abuse its discretion.

## CONCLUSION

Since Terrovona received an opportunity for full and fair litigation of his warrantless arrest claim in the Washington courts, *Stone v. Powell* bars federal habeas review of this claim. In light of Terrovona's educational background, his demonstrated ability to assert his rights, and his willingness to offer an alibi, his response to the detectives' questions can be considered a valid implied waiver of his *Miranda* rights. The trial court properly balanced the probative value against the prejudicial effect of admitting evidence on Terrovona's probationary status; the admission did not violate due process. Terrovona was not entitled to an evidentiary hearing because he did not allege defects in the state courts' fact-finding processes. Finally, the district court did not abuse its discretion by failing to appoint counsel given that no evidentiary hearing was required and that the *Terrovona I* panel sufficiently narrowed the issues to be considered on remand.

AFFIRMED.