995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Demetrius Jerome HAYES, Defendant-Appellant.
 No. 91-30432.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 3, 1993.
Decided June 9, 1993.
 
 Before: WRIGHT, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Hayes appeals his conviction and sentence for being a felon in possession of a firearm, 18 U.S.C. § 922(g), and possession of an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d). The district court sentenced him as a career offender under the Sentencing Guidelines. He raises three issues regarding suppression of evidence, which we address in this disposition. We address his sentencing issue in a separate published opinion. We affirm the conviction.
 
 
 3
 1. Admission of Hayes' State Trial Testimony
 
 
 4
 Hayes contends that the admission of his state court trial testimony at his federal trial created an "irreconcilable conflict" between two constitutional rights: his right to present a defense and his privilege against self-incrimination. Because he did not object at trial, we review for plain error, " 'a highly prejudicial error affecting substantial rights.' " United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992) (quoting United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir.1986)), cert. denied, 113 S.Ct. 1290 (1993). We find none.
 
 
 5
 Generally, " ' a defendant's testimony at a former trial is admissible against him in a later proceeding.' " United States v. Baker, 850 F.2d 1365, 1370 (9th Cir.1988) (quoting Harrison v. United States, 392 U.S. 219, 222 (1968)). "A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives." Harrison, 392 U.S. at 222. An exception to this rule exists where a defendant is forced to testify to rebut illegally obtained confessions. Because such testimony is tainted by the prior illegality and is the fruit of the poisonous tree, it may not be used against him at a subsequent trial. Harrison, 392 U.S. at 222-26; cf. Simmons v. United States, 390 U.S. 377, 389-94 (1968) (defendant's testimony out of presence of jury in support of pretrial constitutional claim inadmissible at trial).
 
 
 6
 We agree with the government that Hayes' testimony was admissible. In asserting his right to present a defense, he presumably weighed the options of testifying or remaining silent and elected to testify. In making this tactical decision, he gave up his right against self-incrimination. Any admissions he made at trial could be used against him in that trial or subsequent proceedings. As we said in Baker, "we do not think that a defendant can expect to admit with impunity a crime for which he or she is liable." Id. at 1370.
 
 
 7
 2. Admission of Statement to Officer Gimmestad
 
 
 8
 Hayes contends that the district court erred in failing to suppress his statements to Officer Gimmestad and the technician. He argues that the police did not "scrupulously honor" his right to remain silent as required by Michigan v. Mosley, 423 U.S. 96, 104 (1975). We disagree. Gimmestad honored Hayes' desire not to talk. Hayes was the one who initiated the conversation by asking what would happen to his passenger, DeWitt. This statement " 'evinced a willingness and a desire for a generalized discussion about the investigation.' " Shedelbower v. Estelle, 885 F.2d 570, 573 (9th Cir.1989) (quoting Oregon v. Bradshaw, 465 U.S. 1039, 1045-46 (1983)), cert. denied, 111 S.Ct. 975 (1991). The court did not err in finding that Hayes' initial statements about DeWitt were volunteered and that his subsequent statements followed proper warnings and a valid waiver of the right to remain silent.
 
 3. Admission of Statement to Officer Ringer
 
 9
 Hayes argues that his response to Officer Ringer's question, "Why would you shoot your homie Snoopy?", should have been suppressed because he had not waived his Miranda rights. The court found that the officers had advised Hayes of his rights and that he had volunteered answers to Ringer's question. We review for clear error the court's conclusion that a waiver of Miranda rights was voluntarily and knowingly made. United States v. Asuncion, 973 F.2d 769, 771 (9th Cir.1992).
 
 
 10
 The government has a heavy burden of showing that "the defendant knowingly and voluntarily waived [his] Miranda rights." United States v. Wallace, 848 F.2d 1464, 1475 (9th Cir.1988). A waiver need not be explicit, and in some cases can be inferred from the defendant's words and actions. Terrovona v. Kincheloe, 912 F.2d 1176, 1179 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). We must examine " 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused.' " Id. (quoting North Carolina v. Butler, 441 U.S. 369, 374-75).
 
 
 11
 Voluntariness is not an issue here. Hayes does not contend that the police obtained his statement through intimidation or coercion. See Moran v. Burbine, 475 U.S. 412, 421 (1986). The issue is whether the record supports the district court's finding of a knowing waiver: whether Hayes understood his rights and what it meant to waive them.
 
 
 12
 The government concedes that Hayes did not waive his rights but argues that a waiver should be implied from the record because Hayes (1) knew Ringer and apparently was at ease with him, (2) later exercised his right to remain silent, (3) initiated a conversation with Gimmestad and (4) interjected answers to the technician's questions. We agree with Hayes that these actions militate against a finding of waiver. Hayes' familiarity with Ringer does not indicate that Hayes understood his rights. He did exercise his right to remain silent but only after being asked whether he understood his rights and whether he wished to answer any questions. The government's third and fourth reasons are not persuasive. Hayes' later statements followed additional warnings and questions regarding waiver. Because the record does not indicate that Hayes knowingly waived his rights before speaking to Officer Ringer, the district court clearly erred in finding a waiver.
 
 
 13
 Although we find that the court erred in admitting Hayes' statement to Ringer, this error was harmless beyond a reasonable doubt. See United States v. Ramirez, 710 F.2d 535, 542 (9th Cir.1983). Hayes' statements to Officer Gimmestad, his previous state trial testimony, in which he admitted possessing the gun, and the testimony of witnesses and the victim, who saw Hayes holding the gun, conclusively established his guilt.
 
 
 14
 AFFIRMED.
 
 
 15
 ALARCON, Circuit Judge, concurring.
 
 
 16
 I concur in the majority's conclusion that the judgment should be affirmed. I disagree with the holding that Hayes' Miranda rights were violated. Assuming error, I agree that it was harmless beyond a reasonable doubt.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3