19 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kiven M. COLLINS, Petitioner-Appellant,
v.
Larry KINCHELOE, Superintendent, Spring Creek Correctional
Center, Respondent-Appellee.
 No. 93-35860.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 10, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kiven M. Collins, an Alaska state prisoner, appeals the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. Collins contends that he did not execute a knowing, intelligent, and voluntary waiver of his Miranda rights.[1] We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.
 
 
 3
 The state court's determination that a defendant knowingly and intelligently waived his or her Miranda rights is a factual finding entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992); Derrick v. Peterson, 924 F.2d 813, 823 (9th Cir.1990), cert. denied, 112 S.Ct. 161 (1991). However, we review de novo the state court's determination that the defendant's waiver was voluntary. Collazo, 940 F.2d at 415; Derrick, 924 F.2d at 817.
 
 
 4
 In order to admit statements made during interrogation, the prosecution must show both that the defendant was informed of his or her Miranda rights, and that the defendant waived those rights. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). The defendant's waiver must be knowing, intelligent, and voluntary. Moran v. Burbine, 475 U.S. 412, 421 (1986). A waiver is knowing and intelligent if it is made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820. A waiver is voluntary if "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Id.; Derrick, 924 F.2d at 820.
 
 
 5
 Collins contends that his waiver of Miranda rights was invalid because it was not knowing and intelligent. He argues that the transcript of his discussion with the police shows that he did not understand his rights. He contends further that his waiver was involuntary because the police deceived him by refusing to answer his questions about the crimes under investigation until he agreed to waive his rights. These contentions are without merit.
 
 
 6
 The transcript shows that Collins was read his rights as required by Miranda, and he indicated that he understood those rights. Collins then asked what the investigation was about, and the police told him that some people had been killed in his apartment building. Collins continued to ask questions, and the police told him that they needed to know first if he wanted to waive his rights and talk to them. Collins responded repeatedly that he didn't know. Finally, one of the officers asked "What I'm saying is, do you want to talk to us right now ... here in this room today? That's what I'm asking you. Do you want us to talk to you, and do you want to talk to us right here today?" Collins answered "Okay," signed an acknowledgment of rights form, and confessed to the crimes.
 
 
 7
 Collins contends that his confusion, as evidenced by his repeated responses of "I don't know," precluded a knowing and intelligent waiver. The Alaska Court of Appeals found that Collins's questions were not about the nature of his rights, but about the nature of the evidence that the police had against him. That Court found further that Collins exhibited no significant confusion concerning his rights under Miranda, and that his waiver was knowing and intelligent. We accord this finding a presumption of correctness under 28 U.S.C. Sec. 2254(d). See Collazo, 940 F.2d at 416; Derrick, 924 F.2d at 823. Furthermore, our reading of the transcript indicates that Collins was confused as to whether to waive his rights, not as to the meaning of the rights themselves or the consequences of waiving them. Accordingly, we find that Collins's waiver was knowing and intelligent. See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820.
 
 
 8
 Collins contends that his waiver was involuntary because the police told him that they could not speak further to him about the crimes until he waived his rights. However, the police were merely being cautious. Any statement that they made to Collins which elicited an incriminating response would be considered custodial interrogation. See United States v. Disla, 805 F.2d 1340, 1347 (9th Cir.1986). If such a statement were made before Collins waived his Miranda rights, it would not be admissible. See Terrovona, 912 F.2d at 1180. This precaution does not constitute the type of deception which would render Collins's waiver involuntary. See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820.
 
 
 9
 Collins argues further that the police did not tell him that, by signing the acknowledgment form, he was waiving his rights. However, Collins waived his rights orally, by responding "Okay" when the police asked if he wanted to talk to them. The police stated, both to Collins and in court, that the acknowledgment form did not constitute a formal waiver, but instead indicated only that the defendant had been told his rights. Accordingly, Collins's argument that he was misinformed as to the nature of the form he signed is of no import.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)