72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fares Hanna KHALIL, Petitioner-Appellant,
v.
Midge CARROLL, Warden; James Gomez, Director of
Corrections, Respondents-Appellees.
 No. 95-15431.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 4, 1995.*
Decided Dec. 13, 1995.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Since the parties are familiar with the facts, we need not recite them here.
 
 I. Ineffective Assistance Standard
 
 3
 The district court did not add a third prong to the Strickland test. Prejudice is established by showing "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984) (emphasis added).
 
 II. Confession
 
 4
 "A statement is involuntary if it is extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence." United States v. Leon-Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988) (quotations and alterations omitted). Khalil does not allege police coercion, and thus, a voluntary confession is assumed.
 
 
 5
 A Miranda waiver is not coerced if the relinquishment of the right was voluntary and the waiver was made with full awareness. Collazo v. Estelle, 940 F.2d 411, 415 (9th Cir.1991) (en banc), cert. denied, 502 U.S. 1031 (1992). The police officer asked Khalil if he had been advised of his rights. He answered "yes." Once Khalil acknowledged that he had been informed of his rights and then answered questions regarding the crime, he constructively waived his rights. Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 499 U.S. 979 (1991).
 
 
 6
 The ineffective assistance of counsel argument based on the failure to challenge the admission of the confession is moot.
 
 III. Other Issues
 A. Trial Court's Denial of Continuance
 
 7
 Khalil has failed to show that had the trial court granted a continuance, the outcome of the trial would have been different.
 
 B. Blood Samples
 
 8
 Khalil was not experiencing a paradoxical rage reaction. Therefore, the level of Valium in the blood is irrelevant. Nevertheless, the blood sample was tested and all parties had the results. As such, the trial counsel's failure to request a retest or to preserve the blood sample was not deficient. Further, there is no presumption of bad faith on the part of the prosecution in not preserving the blood samples. See Arizona v. Youngblood, 488 U.S. 51, 57 (1988), reh'g denied, 488 U.S. 1051 (1989) (failure of police to preserve potentially useful evidence was not a violation of due process unless the defendant could show bad faith).
 
 C. Appellate Counsel
 
 9
 Trial counsel was adequate. Therefore, the appellate counsel's failure to raise the same issues was not ineffective assistance of counsel.
 
 IV. Conclusion
 
 10
 The district court's denial of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3