78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Eugene DOTSON, Defendant-Appellant.
 No. 95-50144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1996.*
Decided March 5, 1996.
 
 1
 Before: PREGERSON, CANBY, and HAWKINS Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Phillip Eugene Dotson appeals his conviction following a conditional guilty plea to unarmed robbery in violation of 18 U.S.C. § 2113(a). Dotson contends that the district court erred by denying his motion to suppress his post-arrest confession, because: (1) he did not expressly waive his Miranda rights; (2) his confession was involuntary because he was under the influence of methadone during the FBI interview, and the officers coerced him into confessing by confiscating his eyeglasses as evidence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995), and affirm.
 
 I. Background
 
 4
 FBI Special Agents Christopher Blair and Thomas Brown arrested Phillip Eugene Dotson on a parole violation. Prior to his arrest, Dotson received a 40-milligram injection of methadone at a methadone clinic. Nevertheless, the agents stated that Dotson was coherent and did not appear intoxicated at the time of arrest.
 
 
 5
 Dotson was subsequently told that he was a suspect in several bank robberies and that the purpose of the interview was to obtain a statement. Agent Blair informed Dotson of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), read him a waiver of rights statement from a printed form, and asked if he wanted to discuss the robberies. Dotson immediately denied committing any bank robberies, but stated that he stole meat to support his heroin addiction. Dotson did not explicitly waive his Miranda rights orally or in writing by signing the waiver form.
 
 
 6
 During the interview, Agent Blair showed Dotson a surveillance photograph from a bank robbery and informed Dotson that he believed Dotson was the bank robber depicted in the photo. At that point, Dotson invoked his right to counsel, and the interview terminated. Dotson was then told that his eyeglasses would be taken as evidence and that he could obtain a replacement pair at the detention center. Dotson then confessed to the bank robbery. Dotson, who was dependent on his prescription eyeglasses, claims that he confessed in order to prevent the seizure of his eyeglasses.
 
 II. Miranda Waiver
 
 7
 We review for clear error the presence of a valid Miranda waiver. United States v. Andaverde, 64 F.3d 1305, 1313 (9th Cir.1995). A waiver need not be express, but can be implied from words and actions of the defendant. See id. at 1313-14; see also Terrovona v. Kincheloe, 912 F.2d 1176, 1179 (9th Cir.1990) (citing North Carolina v. Butler, 441 U.S. 369, 374-75 (1979)), cert. denied, 499 U.S. 979 (1991). Additionally, we must consider the totality of the circumstances, including the defendant's conduct, background, and experience. See Terrovona, 912 F.2d at 1179.
 
 
 8
 The district court did not clearly err by finding that Dotson's post-Miranda statements, in conjunction with his knowledge of the criminal justice system from past convictions and his ability to invoke his right to counsel later in the interview, were tantamount to an implied waiver of his Miranda rights. See Andaverde, 64 F.3d at 1313-14; Terrovona, 912 F.2d at 1180; cf. Pope v. Zenon, 69 F.3d 1018, 1023-24 (9th Cir.1995) (no implied waiver where officers questioned defendant and confronted him with circumstantial evidence before giving Miranda warning).
 
 III. Voluntariness of Confession
 
 9
 Dotson argues that his confession was involuntary because he was under the influence of methadone during the interview, and the police engaged in improper conduct to obtain his confession. We review de novo the voluntariness of a confession. United States v. Benitez, 34 F.3d 1489, 1495 (9th Cir.1994), cert. denied, 115 S.Ct. 1268 (1995), and any factual findings for clear error, United States v. Von Willie, 59 F.3d 922, 925 (9th Cir.1995).
 
 
 10
 A confession is voluntary if it is the " 'product of a rational intellect and a free will.' " Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989) (quoting Townsend v. Sain, 372 U.S. 293, 307 (1963)), cert. denied, 496 U.S. 938 (1990). A confession is involuntary when " 'under the totality of circumstances, the government obtained the confession by coercion or improper inducement.' " United States v. Turner, 926 F.2d 883, 888 (9th Cir.) (quoting United States v. Pinion, 800 F.2d 976, 980 (9th Cir.1986), cert. denied, 480 U.S. 936 (1987)), cert. denied, 502 U.S. 830 (1991). The crucial question is whether the defendant's will was overborne when he confessed. United States v. Miller, 984 F.2d 1028, 1031 (9th Cir.), cert. denied, 114 S.Ct. 258 (1993).
 
 1. Intoxication
 
 11
 Dotson contends that his confession was involuntary because he ingested a high dose of methadone shortly before his arrest. We focus on the circumstances surrounding the confession and whether Dotson was incapacitated by the effects of the drug. See Medeiros, 889 F.2d at 823.
 
 
 12
 Dotson's ability to deny committing any bank robberies, and his testimony at the suppression hearing that he understood his Miranda rights when they were read to him, indicate that Dotson was not incapacitated by the effects of methadone. See id. (confession voluntary where defendant intoxicated when he confessed, but was able to drive and cooperate with police). Moreover, there was no indication that Dotson was experiencing adverse effects from his heroin addiction or the methadone injection during the interview. Cf. United States v. Kelley, 953 F.2d 562, 565-66 (9th Cir.1992) (confession voluntary where defendant began going through heroin withdrawal during his interview with police). Therefore, the district court did not err in finding that his confession was voluntary. See Benitez, 34 F.3d at 1495-96; Kelley, 953 F.2d at 565.
 
 2. Police Coercion
 
 13
 Dotson contends that Agent Blair psychologically coerced him into confessing by telling him that his eyeglasses would be taken as evidence, since they matched the description of the glasses worn by the robber in one of the robberies, and matched the eyeglasses depicted on the bank surveillance tape.[1]
 
 
 14
 Coercive police conduct is required before a confession is considered involuntary, and there must be a causal connection between the improper police conduct and the confession. See Kelley, 953 F.2d at 565 (9th Cir.1992) (citing Colorado v. Connelly, 479 U.S. 157, 167 (1986)); see also United States v. Moreno, 891 F.2d 247, 250 (9th Cir.1989).
 
 
 15
 Here, Dotson concedes that the questioning ceased once he invoked his right to counsel. Moreover, Dotson was told that his glasses would be taken whether he confessed or not, and was repeatedly reminded not to make any statements, since he had invoked his right to counsel. The district court found that seizing the glasses for evidentiary purposes was proper, and not coercive. These findings are not clearly erroneous. See Von Willie, 59 F.3d at 925. Thus, Dotson fails to show that having his eyeglasses seized amounted to coercive police conduct which overbore his free will and ability to think rationally. See Miller, 984 F.2d at 1031; Kelley, 953 F.2d at 565-66.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dotson argues that taking his eyeglasses was the functional equivalent of interrogation. See Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980). We disagree. Depriving Dotson of his eyeglasses was not "reasonably likely to elicit an incriminating response." Id. at 301. Thus, the seizure of Dotson's glasses did not amount to interrogation. See id. at 302-03