120 F.3d 268
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas Steven LEE, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 96-36175.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Steven Lee, a Washington state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his convictions for five counts of robbery and one count of taking a motor vehicle without permission. Lee contends the district court erred when it held that: 1) his unlawful search and seizure claim was barred under Stone v. Powell, 428 U.S. 465 (1976) because Lee had a full and fair opportunity to litigate the claim; 2) his waiver of rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and confession were knowing, intelligent and voluntary; and 3) his due process rights were not violated when the state failed to provide urine and blood samples as ordered by the state trial court judge. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 I. Fourth Amendment
 
 3
 A Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner has had a full and fair opportunity to litigate the claim in state court. See Stone v. Powell, 428 U.S. 465, 481-82 (1976). The relevant inquiry is whether the petitioner had a full and fair opportunity to litigate his claim, not whether he did in fact do so or whether the state court reached a correct resolution. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996).
 
 
 4
 Here, the state court held a suppression hearing to determine whether there was probable cause to arrest Lee. Because Lee had a full and fair opportunity to litigate whether the police had probable cause to arrest him, we do not consider this claim. See id.
 
 II. Miranda Waiver and Confession
 
 5
 Lee asserts that his Miranda waiver was not knowing, intelligent and voluntary and his confession was coerced.
 
 
 6
 The state court's factual determinations are entitled to a presumption of correctness under 28 U.S.C. § 2254(d). See Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991) (en banc). The state court's determination that the defendant's Miranda waiver and confession were voluntary is reviewed de novo. See id. at 415-16.
 
 
 7
 The prosecution must show that the defendant was informed of his Miranda rights and he waived those rights in order to admit statements during an interrogation. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990). The defendant's waiver must be knowing, intelligent, and voluntary. See Moran v. Burbine, 475 U.S. 412, 421 (1986).
 
 
 8
 A confession is voluntary if it is the "product of a rational intellect and a free will." Medeiros v. Shimoda, 889 F.2d 819, 823 (9th Cir.1989). Under the Fourteenth Amendment, a confession is involuntary only if the police use coercive activity to undermine the suspect's ability to exercise his free will. See Derrick v. Peterson, 924 F.2d 813, 818 (9th Cir.1990).
 
 
 9
 Here, Detective Stafford testified during the state court suppression hearing that Lee was advised of his constitutional rights on two separate occasions and each time he stated that he understood those rights. Upon each advisement Lee signed an advice of rights form which indicated he understood and waived those rights. Detective Stafford also testified that Lee preferred to have the officers write out his confession and then Lee reviewed and signed each page of it. Lee, on the other hand, testified that he was coerced into waiving his rights and signing his confession because the officers told him he would never see his child, girlfriend, or her child again if he did not sign the advice of rights form or confession. The trial court found Detective Stafford's testimony more credible than Lee's and admitted the statement as evidence. This credibility determination is entitled to a presumption of correctness. See Collazo, 940 F.2d at 416. Lee's Miranda waiver was therefore knowing and intelligent. See Moran, 475 U.S. at 421. The underlying facts surrounding the coercion issue are entitled to a presumption of correctness, and Lee therefore fails to demonstrate that his Miranda waiver and confession were involuntary. See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 818; United States v. Bautista-Avila, 6 F.3d 1360, 1365 (9th Cir.1993) (the determination that a confession was voluntary is tantamount to a determination that a Miranda waiver is voluntary).[1]
 
 III. Exculpatory Evidence
 
 10
 A claim that the prosecution improperly suppressed exculpatory evidence is reviewed de novo. See United States v. Cooper, 983 F.2d 928, 931 (1993).
 
 
 11
 The state's failure to preserve or collect evidence that is only potentially useful is not a denial of due process unless the defendant shows bad faith on the part of the police and shows that the loss of evidence prejudiced the defendant's case. See Arizona v. Youngblood, 488 U.S. 51, 58 (1988).
 
 
 12
 Here, the superior court judge twice ordered the corrections department to obtain a blood and urine sample from Lee. No blood or urine was taken after the first request because the corrections officer thought Lee's attorney was going to go with him to retrieve the sample. When the corrections officer tried to find the attorney, he was not available. The record does not indicate the reason for the failure to take blood and urine samples from Lee after the second request. Lee had the burden to demonstrate that the corrections department acted in bad faith and he has failed to do so. See id.
 
 
 13
 We affirm the district court's denial of Lee's petition for writ of habeas corpus.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lee's claim that the presumption of correctness should not apply is without merit. His allegations of a lack of a full and fair hearing do not relate to the credibility determination. Nor are his factual allegations sufficient to obtain an evidentiary hearing on the issue of coercion. See Townsend v. Sain, 372 U.S. 293, 312-13 (1963)