UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose GOMEZ, Defendant—Appellant.

No. 02–50017.
D.C. No. CR–01–01363–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2002.*

Decided Feb. 28, 2003.

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

MEMORANDUM**

Jose Adalberto Gomez conditionally pleaded guilty to importation of marijuana,

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

in violation of 21 U.S.C. §§ 952, 960. Gomez appeals the denial of his motion to suppress statements made at the time of his arrest, the district court's failure to find the government committed a discovery violation, and the denial of his motion to dismiss the indictment on constitutional grounds. We affirm.

## I.

■ Gomez knowingly, voluntarily and intelligently waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *See United States v. Vallejo*, 237 F.3d 1008, 1014 (9th Cir.), *as amended*, 246 F.3d 1150 (9th Cir. 2001).

Before any interrogation, the agents read Gomez his rights in Spanish, his preferred language. He wrote "yes" in Spanish on the pre-printed, Spanish language *Miranda* advisal form after each of his rights. He wrote "yes" in Spanish next to the questions asking him if he understood and was willing to answer questions, and he signed his name at the bottom of the form. A more explicit statement of waiver is not required. *North Carolina v. Butler*, 441 U.S. 369, 373, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979) ("holding that an express written or oral statement of waiver of the right to remain silent or of the right to counsel ... is not inevitably either necessary or sufficient to establish waiver"); *United States v. Cazares*, 121 F.3d 1241, 1244 (9th Cir.1997) (citing *Terrovona v. Kincheloe*, 912 F.2d 1176, 1179 (9th Cir. 1990)) ("To solicit a waiver of *Miranda* rights, a police officer need neither use a waiver form nor ask explicitly whether the defendant intends to waive his rights."). The district court properly denied Gomez's motion to suppress.

## II.

■ The government did not violate Rule 16 of the Federal Rules of Criminal Procedure by failing to disclose Agent DiPaola's conversations with Gomez until the first day of trial. *See* Fed.R.Crim.P. 16(a)(1)(A). The conversations were used at the suppression hearing to show Gomez's ability to speak English and interact with the agents, and are not probative of guilt. The government represented to the district court that it did not intend to use the conversations at trial until Gomez submitted a declaration that he did not speak English on the eve of trial.

## III.

The statutes under which Gomez was convicted, 21 U.S.C. §§ 952, 960, are not unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Buckland*, 277 F.3d 1173 (9th Cir.2002) (en banc). *See United States v. Hernandez*, 314 F.3d 430, 437–38 (9th Cir.2002); *United States v. Mendoza–Paz*, 286 F.3d 1104, 1109–11 (9th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 573, 154 L.Ed.2d 459 (2002).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.