8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert D. GIBSON, Petitioner-Appellant,
v.
James ROWLAND, Director, Respondent-Appellee.
 No. 92-55447.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Aug. 11, 1993.
As Amended on Denial of Rehearing and Rehearing
En Banc Aug. 24, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 AMENDED ORDER
 
 1
 The order issued August 11, 1993 is amended as follows:
 
 
 2
 The memorandum disposition issued March 16, 1993 in this matter is vacated. The attached memorandum disposition is hereby ordered filed.
 
 
 3
 The panel has voted to deny appellant's petition for rehearing and to reject the suggestion for rehearing en banc.
 
 
 4
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 5
 The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.
 
 
 6
 MEMORANDUM*
 
 
 7
 Robert D. Gibson, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. 2254 petition for habeas corpus. Gibson contends that certain incriminating statements should not have been admitted at trial because they were coerced or obtained in violation of his Miranda rights. We have jurisdiction under 28 U.S.C. § 2253, and review de novo. Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir.1991). We affirm.[1]
 
 
 8
 Gibson contends that the trial court should have suppressed incriminating statements he made to a Texas state trooper, because Gibson had not made a valid implied waiver of his Miranda rights. This contention is without merit.
 
 
 9
 In order to admit statements made during interrogation, the prosecution must show both that the defendant was informed of his or her Miranda rights, and that the defendant waived those rights. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 111 S.Ct. 1631 (1991). Police questioning constitutes interrogation if, in light of all the circumstances, the questioner should have known that the question was reasonably likely to elicit an incriminating response. United States v. Disla, 805 F.2d 1340, 1347 (9th Cir.1986). Miranda rights need not be waived expressly; in some cases, "waiver can be clearly inferred from the actions and words of the person interrogated." North Carolina v. Butler, 441 U.S. 369, 373 (1979); Terrovona, 912 F.2d at 1179. This determination must be based on the facts and circumstances of the case, including the background, experience, and conduct of the defendant. Butler, 441 U.S. at 374-75.
 
 
 10
 Gibson was stopped by a Texas state trooper and read his Miranda rights. The trooper then called the Los Angeles Police Department, and confirmed that Gibson was wanted for murder. The trooper then said to Gibson, "Robert, I just can't see you killing anybody." Gibson made incriminating statements in reply, which were admitted at trial as evidence of his guilt.
 
 
 11
 The trooper admitted that he made the statement in order to elicit a response from Gibson; thus, the statement constitutes interrogation. See Disla, 805 F.2d at 1347. Gibson received his Miranda rights, and indicated that he understood them. He then voluntarily responded to the trooper's statement. Under these circumstances, we find that Gibson impliedly waived his Miranda rights, and the exchange was properly admitted. See Butler, 441 U.S. 374-75; Terrovona, 912 F.2d at 1180 (incriminating statement properly admitted when defendant understands his rights and does not indicate that he wishes to remain silent).
 
 
 12
 Gibson further contends that his written confession should not have been admitted because it was coerced. This contention is also without merit.
 
 
 13
 To show that a confession was involuntary, a defendant must demonstrate that, considering the totality of the circumstances, the government obtained the statement through physical or psychological coercion, or by improper inducement "such that the defendant's will was overborne." Derrick v. Peterson, 924 F.2d 813, 817 (9th Cir.1990), cert. denied, 112 S.Ct. 161 (1991). The defendant must show "a substantial element of coercive police conduct" causally related to his confession. Colorado v. Connelly, 479 U.S. 157, 164 (1986).
 
 
 14
 Gibson was given Miranda warnings, and voluntarily made a tape-recorded statement to Investigator Futami. Gibson does not contest the admission of his tape-recorded statement. Gibson argues only that his written confession should not have been admitted, because he was coerced into signing the confession.
 
 
 15
 The transcript of the interview between Gibson and Futami reveals Gibson's reluctance to sign a written confession. At several points during the interview, Gibson stated that he would not sign a written confession. When Futami presented the written confession to Gibson for his signature, Gibson stated: "I told you I wasn't gonna sign this damn thing." Futami replied: "You said you were." Gibson then responded: "No, I said I wasn't, but [expletive].... I'm gonna sign it, but rewrite it again." Following this colloquy, Gibson told Futami to rewrite the statement to indicate that the gun accidentally went off, and to make several other changes. After Futami made these changes, Gibson signed the statement.
 
 
 16
 Gibson has not shown the requisite element of police coercion. Futami's statement that Gibson said he would sign a confession, while perhaps not entirely candid, does not rise to the level of police coercion required to render a confession involuntary. See United States v. Miller, 984 F.2d 1028, 1031 (9th Cir.1993) (deception does not render a confession involuntary, as long as the defendant's decision to confess is based on his own balance of competing considerations). Gibson has not demonstrated how Futami's comment caused him to sign the written confession. See Connelly, 479 U.S. at 164. The fact that Gibson refused to sign the written statement until certain changes were made further indicates that Gibson's signature was not the product of police coercion; Gibson signed only the statement that he wished to sign. Considering the totality of the circumstances, we cannot say that Gibson's will was overborne when he agreed to sign the written confession. See Derrick, 924 F.2d at 817. Accordingly, the written confession was properly admitted at trial.[2]
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gibson filed a notice of appeal on February 12, 1992, more than 30 days after judgment was entered on January 9, 1992. However, Gibson filed a request for a certificate of probable cause on December 23, 1991, which we construe as a notice of appeal. See Fed.R.App.P. 3(c) (appeal shall not be dismissed for informality of form or title of the notice of appeal); Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991) (request for certificate of probable cause construed as notice of appeal)
 Although Gibson's notice of appeal was filed prior to the entry of judgment, we construe it as timely. See FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 111 S.Ct. 648, 652-53 (1991) (premature notice of appeal deemed timely if appellant reasonably believed that he was appealing a final judgment); In re Eastport Assocs., 935 F.2d 1071, 1075 (9th Cir.1991) (premature notice of appeal cured by entry of final judgment).
 
 
 [2]
 Because we find that the written confession was admissible, Gibson's claim that his counsel was ineffective for failing to object to its admission necessarily fails