UNITED STATES of America,
Plaintiff–Appellee,

v.

Eric Allen MANASEN,
Defendant–Appellant.

No. 89–30170.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 4, 1990.

Decided Aug. 3, 1990.

Peter Offenbecher, Asst. Federal Public Defender, Seattle, Wash., for defendant-appellant.

Ronald J. Friedman, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, WALLACE and KOZINSKI, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider whether Eric Manasen was entitled to *Miranda* warnings before giving information to United States Customs officials in routine non-custodial questioning at the border.

## BACKGROUND

Canadian Customs officials discovered that Manasen was a fugitive with an outstanding California warrant for his arrest when he arrived in Vancouver, B.C. on a flight from Singapore. They alerted United States Customs officials that he was traveling by bus to Seattle and gave his

physical description and information that he might be using the alias "Alan Goodwin" and be carrying $15,000 in cash.

After Manasen arrived at the Blaine Port of Entry a customs agent had him complete a standard customs declaration form on which he identified himself as "Alan W. Goodwin" and checked the box which indicated he carried less than $10,000 in cash. He provided for identification a California driver's license in the name "Alan W. Goodwin."

When the inspection process was completed, another agent approached Manasen, informed him of the outstanding warrant and arrested him. Later, Canadian officials went to Blaine and identified him.

A jury convicted him of possession of false identification in violation of 18 U.S.C. § 1028(a), (b) and (c) and of making a false statement as to his identity and the amount of currency in his possession in violation of 18 U.S.C. § 1001.

## ANALYSIS

### I. *Motion to Suppress*

■ Manasen contends that because customs agents had probable cause to arrest him on an outstanding warrant and knew their questions were reasonably likely to elicit an incriminating response, *Miranda* warnings were required prior to his border inspection. We disagree.

■ Routine questioning by customs officials is normally not custodial interrogation that triggers *Miranda*. *United States v. Troise*, 796 F.2d 310, 314 (9th Cir.1986) (citing *United States v. Espericueta–Reyes*, 631 F.2d 616, 622 (9th Cir.1980)). "To trigger the *Miranda* requirements at a customs inspection, not only must probable cause exist but also a person must reasonably believe that he is not free to leave." [1]

*United States v. Estrada–Lucas*, 651 F.2d 1261, 1265 (9th Cir.1980).

In *United States v. Silva*, 715 F.2d 43 (2d Cir.1983), the Second Circuit rejected an argument like Manasen's. There, Silva sought entry to the United States and lied when she told an immigration inspector that she was a United States citizen. After the inspector discovered her Venezuelan passport, he had probable cause to arrest her for an immigration violation. Instead of arresting her, he sent her through routine customs processing. An agent asked her to complete the standard customs declaration form. She gave false information about the amount of currency she was carrying and was convicted of making a false statement in violation of 28 U.S.C. § 1001.

Silva argued on appeal that she should have received *Miranda* warnings before going through the customs process because there was probable cause to arrest for the immigration violation. *Id.* at 46. The Second Circuit rejected this argument. It held that probable cause to arrest on a charge unrelated to a customs violation did not trigger *Miranda* warnings during a routine customs inspection. *Silva*, 715 F.2d at 48. It found that although probable cause existed to arrest her, customs officials were still duty-bound to follow their normal process and were not precluded from asking her the usual inspection questions. *Id.* It reasoned that routine custom inquiries were an "inevitable burden commonly associated with border crossings" and fit within the exclusion recognized in *Miranda v. Arizona*, 384 U.S. 436, 477–78, 86 S.Ct. 1602, 1629–30, 16 L.Ed.2d 694 (1966), that did not require warnings during general questioning absent the compelling atmosphere of custodial interrogation. *Id.* at 47; *see also Chavez–Martinez v. United States*, 407 F.2d 535, 538–39 (9th Cir.1969) (routine customs process does not consti-

---

1. Manasen relies on *United States v. Duncan*, 693 F.2d 971 (9th Cir.1982), to support his argument that *Miranda* warnings were required. The court there found that customs officers should have given the warnings because they had probable cause to believe that Duncan had committed an offense. *Id.* at 979. Implicit in this holding was a finding of custody.

Manasen was not in custody. He had been placed with all other bus passengers in a standard processing room and given standard questions asked by customs agents. *See United States v. Estrada–Lucas*, 651 F.2d 1261, 1265 n. 3 (9th Cir.1980) ("A person answering the initial questions of a customs agent at a border is not already in custody.").

tute custodial interrogation for *Miranda* purposes).

The facts here are similar. Manasen sought entry to the United States. Before he went through the standard customs inspection there was probable cause to arrest him for failure to appear for sentencing, an offense unrelated to a customs violation. The agents did not arrest him but processed him through customs with the others who left the bus. Agent Paura testified that the questions asked and the form presented to Manasen were routine ones with the customs form given to each person seeking entry at the border.

Manasen's argument is that when a fugitive with an outstanding arrest warrant seeks entry he should not be asked to identify himself unless he has been given *Miranda* warnings. We decline to accept such an argument. Customs officials are bound to examine every person entering the United States. 19 U.S.C. § 1582. There was no reason to interrupt the routine questioning of Manasen. In fact, to hold otherwise would be to impair the effectiveness of United States Customs. "[N]ational self-protection reasonably requir[es] one entering the country to identify himself as entitled to come in and his belongings as effects which may be lawfully brought in." [2] *Carroll v. United States,* 267 U.S. 132, 154, 45 S.Ct. 280, 285, 69 L.Ed. 543 (1925).

*Miranda* warnings were not required because probable cause to arrest Manasen for a charge unrelated to his customs inspection did not transform the routine procedure into custodial interrogation. The district court properly denied his motion to suppress the false name statement and driver's license.[3]

## II. Motion to Acquit

■ Manasen also argues that he meets the requirements for the "exculpatory no" exception to a violation of 18 U.S.C. § 1001 which provides in part:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States ... makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined ... or imprisoned ... or both.

■ The exculpatory no doctrine provides an exception to liability under 18 U.S.C. § 1001. *United States v. Alzate–Restreppo,* 890 F.2d 1061, 1066 (9th Cir. 1989). It applies if five factors are present:

(1) the false statement must be unrelated to a claim to a privilege or a claim against the government;

(2) the declarant must be responding to inquiries initiated by a federal agency or department;

(3) the false statement must not impair the basic functions entrusted by law to the agency;

(4) the government's inquiries must not constitute a routine exercise of administrative responsibility; and

(5) a truthful answer would have incriminated the declarant.

*United States v. Equihua–Juarez,* 851 F.2d 1222, 1224 (9th Cir.1988). If the defendant fails to meet any one of the requirements, the exception does not apply. *United States v. Becker,* 855 F.2d 644, 646 (9th Cir.1988).

Manasen failed to meet the first requirement because his false statement was related to claiming the privilege of entering the United States. *See United States v. Carri-*

---

**2.** Manasen mistakenly relies on *Mata–Abundiz,* 717 F.2d 1277 (9th Cir.1983), for the proposition that routine questioning that is reasonably likely to elicit an incriminating response constitutes interrogation for *Miranda* purposes. Because *Mata–Abundiz* expressly limited its holding to "in-custody questioning," it does not apply here. Manasen was not in custody. *Cf. Pennsylvania v. Muniz,* —— U.S. ——, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (responses to routine interrogation are not testimonial for purposes of *Miranda* ).

**3.** Manasen also argues that the district court erred in using the inevitable discovery rule to admit the evidence of producing the false driver's license. We need not reach the inevitable discovery issue because we find that *Miranda* warnings were not required and the evidence should not have been suppressed.

*er,* 654 F.2d 559, 561 (9th Cir.1981) (seeking entry into the United States is claim of privilege). The district court properly denied his motion to acquit.

## CONCLUSION

We find the district court properly denied the motions to suppress and to acquit.

AFFIRMED.