19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Raul CERVANTES-GUERRERO, Defendant-Appellant.
 No. 93-10006.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1994.
Decided Feb. 28, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 I. MOTION TO SUPPRESS
 
 3
 The district court's denial of a motion to suppress evidence is reviewed de novo. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). Determinations of the existence of probable cause are mixed questions of law and fact, subject to de novo review. See United States v. Hoyos, 892 F.2d 1387, 1392 (9th Cir.1989), cert. denied, 498 U.S. 825 (1990).
 
 
 4
 Where, as here, the facts are not in dispute, we review determinations by the district court that the defendant was or was not subject to custodial interrogation de novo. United States v. Lucas, 963 F.2d 243, 245 (9th Cir.1992).
 
 
 5
 Generally, if a defendant is subjected to custodial interrogation without notice of his Fifth Amendment rights, then his statements may not be admitted into evidence. Miranda v. Arizona, 384 U.S. 436, 479 (1966). In the context of a customs inspection, however, Miranda warnings are not required unless the questioning agents also have probable cause to believe the defendant has committed a crime. United States v. Manasen, 909 F.2d 1357, 1358 (9th Cir.1990). At the time the customs agent administered the second declaration, there was no probable cause. Miranda warnings were not required. The statements were properly admitted.
 
 
 6
 Probable cause exists if a law enforcement officer's knowledge and reasonable inferences from that knowledge would justify a prudent person's belief that the defendant has committed a crime. Hoyos, 892 F.2d at 1392. At the time the customs agent administered the second declaration, Cervantes-Guerrero's extremely nervous behavior, coupled with his oversized tires that produced a dull thud when tapped, was sufficient to provide a basis for reasonable suspicion, but reasonable grounds for suspicion are less than reasonable grounds for belief. There was an absence of probable cause.
 
 II. MOTION TO DISMISS
 
 7
 We affirm the denial of Cervantes-Guerrero's motion to dismiss. We review de novo. United States v. Cooper, 983 F.2d 928, 931 (9th Cir.1993). The defendant's right to due process is violated if law enforcement officers destroy evidence with exculpatory value that was apparent before it was destroyed, and the defendant is unable to obtain comparable evidence by other reasonably available means. California v. Trombetta, 467 U.S. 479, 489 (1984). The defendant must also show that the officers acted in bad faith in failing to preserve the evidence. Arizona v. Youngblood, 488 U.S. 51, 58 (1988). "The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." Cooper, 983 F.2d at 931.
 
 
 8
 Cervantes-Guerrero shows no evidence in support of his contention that the agent who presided over the destruction of the tires, Agent Felix, acted in bad faith. Nothing in the record even suggests that Agent Felix had reason to know that other tests of the wheels might help the defense. The absence of evidence that Agent Felix was aware of the potential exculpatory value of the truck's tires defeats the argument that there was bad faith.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3