79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jaime MANCILLA-GONZALEZ, Defendant-Appellant.
 No. 94-50571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided March 15, 1996.
 
 Before: POOLE, BOOCHEVER, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jaime Mancilla-Gonzalez ("Mancilla") appeals his jury conviction for one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Mancilla contends that the district court erred by: (1) refusing to suppress evidence seized as a result of the illegal use of an immigration checkpoint; (2) denying his discovery requests relating to pretextual use of immigration checkpoints; (3) refusing to suppress statements made during custodial interrogation in violation of Miranda v. Arizona, 384 U.S. 436 (1966); and (4) admitting the testimony of two witnesses in violation of Fed.R.Evid. 404(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 The government's referral of Mancilla's van to a secondary inspection area was proper even absent articulable suspicion. See United States v. Martinez-Fuerte, 428 U.S. 543, 562 (1976); United States v. Wilson, 7 F.3d 828, 833 (9th Cir.1993), cert. denied, 114 S.Ct. 2151 (1994). Contrary to Mancilla's argument, the immigration inspection was not finished at primary inspection once Mancilla presented immigration documents and the government looked through the windows of the van. See Wilson, 7 F.3d at 834; United States v. Preciado-Robles, 964 F.2d 882, 884 (9th Cir.1992). Even if the government had completed the inspection, a further brief detention "is legal if predicated on an articulable suspicion or a minimal showing of suspicion of criminal activity." See Wilson, 7 F.3d at 834. Mancilla's extreme nervousness and shaking hands were sufficiently suspicious to allow the government to retain Mancilla for the brief period before Mancilla consented to the dog sniff of his van. See id.; United States v. Taylor, 934 F.2d 218, 220-21 (9th Cir.1991), cert. denied, 502 U.S. 1074 (1992).
 
 
 4
 The district court did not abuse its discretion by denying Mancilla's discovery requests for general information about the Highway 86 checkpoint, the Border Patrol, or the Immigration Naturalization Service, because Mancilla failed to show that the requested information was material to his defense. See Fed.R.Crim.P. 16(a)(1)(C); United States v. Khan, 35 F.3d 426, 431 (9th Cir.1994).
 
 
 5
 The district court properly denied Mancilla's motion to suppress statements made at secondary inspection prior to his arrest because routine questioning by customs officials does not normally amount to custodial interrogation. See United States v. Manasen, 909 F.2d 1357, 1358 (9th Cir.1990). Under the totality of the circumstances, Mancilla was not in custody, so no Miranda warnings were required. See Stansbury v. California, 114 S.Ct. 1526, 1528-29 (1994) (per curiam); Manasen, 909 F.2d 1357 at 1358; cf. Miranda v. Arizona, 384 U.S. 436, 444 (1966) (law enforcement officers must give appropriate warnings to a person before conducting custodial interrogation).
 
 
 6
 The district court did not commit plain error by admitting the testimony of two tow company employees. See United States v. Khan, 993 F.2d 1368, 1376 (9th Cir.1993). These witnesses testified to the difficulties with Mancilla's van on the day before Mancilla arrived at the immigration checkpoint. The admission of this evidence did not violate Fed.R.Evid. 404(b) because it did not constitute prior bad acts. See United States v. Kearns, 61 F.3d 1422, 1427 (9th Cir.1995); United States v. Sanchez-Robles, 927 F.2d 1070, 1078 (9th Cir.1991).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3