UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Herman SIMONSON,
Defendant–Appellant.

No. 06–30577.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2007.

Filed Aug. 7, 2007.

---

Jared C. Kimball, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: FERNANDEZ and WARDLAW, Circuit Judges, and POLLAK,* District Judge.

## MEMORANDUM**

Michael Simonson appeals his conviction and sentence for Intent to Engage in Illicit Sexual Conduct and Attempted Enticement. *See* 18 U.S.C. § 2423(a)–(b). We affirm in part, reverse in part and remand.

▉ (1) Simonson asserts that the district court erred when it determined the United States immigration and customs officials did not violate his *Miranda*[1] rights when he was questioned at the border. The questioning by United States Border Protection Officers Eric Bikker and Dave Botten was brief and routine,[2] and thus did not violate Simonson's *Miranda* rights. *See United States v. Leasure*, 122 F.3d 837, 840 (9th Cir.1997) (per curiam); *see also United States v. Manasen*, 909 F.2d 1357, 1359 (9th Cir.1990). However, Special Agent William Darrah's subsequent pre-*Miranda* questioning of Simonson violated his *Miranda* rights because a reasonable innocent individual in Simonson's position would have concluded "that *after brief questioning he or she would not be free to leave.*" *United States v. Bravo*, 295 F.3d 1002, 1009 (9th Cir.2002) (internal quotation marks omitted). Therefore, we must reverse as to that questioning and remand to permit Simonson to withdraw his guilty plea. *See United States v. Gust*, 405 F.3d 797, 805 (9th Cir.2005); *United*

*States v. Mejia*, 69 F.3d 309, 317 n. 8 (9th Cir.1995).

▉ On the other hand, based on its factual findings, the district court correctly determined that Simonson's post-*Miranda* statements should not be suppressed. First, the record before us indicates that Simonson was not subjected to "a deliberate two-step interrogation where the midstream *Miranda* warning—in light of the objective facts and circumstances—did not effectively apprise the suspect of his rights." *United States v. Williams*, 435 F.3d 1148, 1157 (9th Cir.2006). Second, the district court properly determined that Simonson waived his *Miranda* rights and that the waiver was voluntary, knowing, and intelligent. *See United States v. Rodriguez–Preciado*, 399 F.3d 1118, 1128 (9th Cir.2005); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1179–80 (9th Cir.1990).

To the extent, however, the district court is inclined to revisit the question in light of our holding as to Agent Darrah's questions, we do not foreclose the court from doing so.

▉ (2) Simonson also contests the constitutional validity of 18 U.S.C. § 2423(b) as applied to the facts of his case and contends that the statutory section violates principles of international law. We disagree. First, because he is a United States citizen, application of 18 U.S.C. § 2423(b) to Simonson does not violate his due process rights. *See United States v. Clark*, 435 F.3d 1100, 1108 (9th Cir.2006), *cert. denied*, —— U.S. ——, 127 S.Ct. 2029, 167 L.Ed.2d 772 (2007).

▉ Second, Congress has the power to regulate foreign commerce[3] and to act to

---

\* The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. *See United States v. Butler*, 249 F.3d 1094, 1098 (9th Cir.2001).

3. *See* U.S. Const. art. I, § 8, cl. 3.

prevent the channels of commerce from being used for immoral or injurious purposes. *See United States v. Cummings,* 281 F.3d 1046, 1049–51 (9th Cir.2002); *see also Caminetti v. United States,* 242 U.S. 470, 491, 37 S.Ct. 192, 197, 61 L.Ed. 442 (1917). Hence, 18 U.S.C. § 2423(b) falls within Congress' power to regulate channels of foreign commerce. Cf. *Clark,* 435 F.3d at 1116; *see also id.* at 1118–19 (Ferguson, J., dissenting).

■ Third, even assuming that principles of international law have any application to an attack on a statute whose scope Congress clearly intended, there was no violation here. Simonson has not shown an actual conflict between our law and that of Canada,[4] and even if there were a conflict, it was not unreasonable to apply United States law to him.[5]

■ (3) In sentencing Simonson, the district court did not clearly err[6] when it determined that he had misrepresented his age "to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct...." USSG § 2G1.3(b)(2)(A). Further, the sentence was not unreasonable. *See United States v. Marcial–Santiago,* 447 F.3d 715, 717 (9th Cir.2006); *see also Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2466–69, 168 L.Ed.2d 203 (2007).

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

**4.** *See Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 798–99, 113 S.Ct. 2891, 2910–11, 125 L.Ed.2d 612 (1993); *Sarei v. Rio Tinto, PLC,* 487 F.3d 1193, 1210–11 (9th Cir.2007).

**5.** *See, e.g., Clark,* 435 F.3d at 1107; *United States v. Vasquez–Velasco,* 15 F.3d 833, 840–41 (9th Cir.1994).

**6.** *See United States v. Nielsen,* 371 F.3d 574, 582 (9th Cir.2004); *see also United States v. Miranda,* 348 F.3d 1322, 1334 (11th Cir.2003) (per curiam).