34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian PEAK, Petitioner-Appellant,
v.
Kenneth DUCHARME, Respondent-Appellee.
 No. 93-36070.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 29, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Washington state prisoner Brian Peak appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. In his habeas petition, Peak alleged that his confession was made in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and that police conducted an unconstitutional search of his apartment. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291, 2253. We affirm.
 
 
 3
 We review de novo a district court's dismissal of a 28 U.S.C. Sec. 2254 habeas corpus petition. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993).
 
 
 4
 * Confession
 
 A. Waiver of Miranda Rights
 
 5
 Peak contends that he did not waive his Miranda rights. Peak argues that his conviction is invalid because he was denied his Fifth Amendment right to counsel during his interrogation and because his confession was obtained in violation of his privilege against self-incrimination. We conclude that the district court properly determined that Peak made a knowing, intelligent, and voluntary waiver of his Miranda rights; therefore, we reject Peak's contention.
 
 
 6
 The state court's determination that a defendant knowingly and intelligently waived his or her Miranda rights is a factual finding entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 870 (1992); Derrick v. Peterson, 924 F.2d 813, 823 (9th Cir.1990), cert. denied, 112 S.Ct. 161 (1991). We, however, review de novo the state court's determination that the defendant's waiver was voluntary. Collazo, 940 F.2d at 415; Derrick, 924 F.2d at 817.
 
 
 7
 In order to admit statements made during interrogation, the prosecution must show both that the defendant was informed of his or her Miranda rights, and that the defendant waived those rights. See Terrovona v. Kincheloe, 912 F.2d 1176, 1180 (9th Cir.1990), cert. denied, 499 U.S. 979 (1991). The defendant's waiver must be knowing, intelligent, and voluntary. Moran v. Burbine, 475 U.S. 412, 421 (1986). A waiver is knowing and intelligent if it is made "with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Id.; Derrick, 924 F.2d at 820. A waiver is voluntary if "it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820.
 
 
 8
 The transcript of Peak's suppression hearing shows that Peak was read his rights as required by Miranda, and that he indicated that he understood those rights. Then, a police detective advised Peak that he was under no obligation to talk to the officers. Peak then stated that he found the victim's body in his apartment when he returned home, cleaned the body, and moved the body to where it was later found. At this time, Peak was transported to the Aberdeen police station. On the way to the station, Peak showed police the route he took from his apartment to the location where he disposed of the victim's body. Peak also indicated where he had thrown the victim's clothes, her purse, and chunks of carpeting from his apartment. At the station, Peak indicated that he remembered and understood his Miranda rights. Peak then admitted he killed the victim with a kitchen knife. Police asked Peak if he would make a written statement. Peak refused and asked for an attorney. At that time all questioning was stopped and Peak was allowed to make a phone call.
 
 
 9
 The trial court found that Peak was "fully apprised of his rights prior to the statements he made to police officers" and that Peak "understood his rights as explained to him." The Washington Court of Appeals concluded that the trial court's findings were correct. We must accord the state court's finding that Peak's waiver of his Miranda rights was knowing and intelligent a presumption of correctness under 28 U.S.C. Sec. 2254(d). See Collazo, 940 F.2d at 416; Derrick, 924 F.2d at 823. Peak has not overcome this presumption of correctness. Peak has not demonstrated that the state court proceeding was deficient, nor has Peak established by convincing evidence that the trial court's determination was erroneous. See 28 U.S.C. Sec. 2254(d)(1)-(8); Tinsley v. Borg, 895 F.2d 520, 525 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). Accordingly, we conclude that Peak confessed after making a knowing and intelligent waiver of his Miranda rights. See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820.
 
 
 10
 We also reject Peak's argument that he was coerced into waiving his Miranda rights. As stated above, the record demonstrates that the police officers advised Peak of his rights and stated that he was under no obligation to talk to the officers. Thus, Peak's decision to talk with police officers was made with knowledge of his Miranda rights and with the understanding that he was under no obligation to speak with the police officers. Therefore, Peak's decision was a product of "a free and deliberates choice." See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820. Furthermore, we reject Peak's argument that his waiver was involuntary because the police told him if he confessed he would not receive the death penalty. The transcript demonstrates that the officers did not state or imply that Peak would not be subject to the death penalty if he made a statement to police. Accordingly, we conclude that Peak voluntarily waived his Miranda rights. See Moran, 475 U.S. at 421; Derrick, 924 F.2d at 820.
 
 B. Coercion
 
 11
 Peak contends that his confession was involuntary because the police questioned him, forcing him to confess. This contention is without merit.
 
 
 12
 We review the "ultimate issue of 'voluntariness' " of a confession de novo. Miller v. Fenton, 474 U.S. 104, 110 (1985); Derrick, 924 F.2d at 817. However, the state court's factual determinations underlying the issue of voluntariness are entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). Miller, 474 U.S. at 112; Derrick, 924 F.2d at 817.
 
 
 13
 To determine the voluntariness of a confession a court must determine "whether, considering the totality of the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 14
 Peak has failed to demonstrate that the police engaged in impermissible conduct. The record contains no evidence that the police physically or psychologically coerced Peak into confessing. Rather, the record demonstrates that Peak was advised of his Miranda rights and he made a knowing, intelligent, and voluntary waiver of those rights. Peak responded to police questioning without any indication that he wished to remain silent. Cf. Terrovona, 912 F.2d at 1180. Furthermore, the police ceased questioning as soon as Peak requested an attorney. Accordingly, we conclude that in these circumstances, the police did not coerce Peak into confessing. See Leon Guerrero, 847 F.2d at 1366.
 
 II
 Search
 
 15
 Peak contends that the police conducted an unconstitutional search of his apartment. This contention is procedurally barred.
 
 
 16
 When a state prisoner at one time could have raised his claims in state court but did not and is now barred from doing so by a state rule of procedure, he has procedurally defaulted his claims. Murray v. Carrier, 477 U.S. 478, 485 (1986); Tacho v. Martinez, 862 F.2d 1376, 1378 (9th Cir.1988). When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906-08 (9th Cir.1988).
 
 
 17
 Washington state law bars individuals from litigating a claim in a collateral challenge which was litigated in a previous collateral challenge. See Wash.Rev.Code Sec. 10.73.140; In re Rice, 828 P.2d 1086, 1092 (Wash.1992) (en banc), cert. denied, 113 S.Ct. 421 (1992).
 
 
 18
 Peak raised his illegal search claim in a personal restraint petition which was filed in the Washington Court of Appeals. However, Peak did not present this claim to the Washington Supreme Court in his petition for discretionary review. He cannot file a second personal restraint petition raising this claim. See Wash.Rev.Code Sec. 10.73.140; Rice, 828 P.2d at 1092. Thus, Peak has procedurally defaulted this claim. See Murray, 477 U.S. at 485; Hughes, 800 F.2d at 906-08. Because Peak has failed to demonstrate cause and prejudice, we do not reach the merits of this claim. See Coleman, 111 S.Ct. at 2565; Tacho, 862 F.2d at 1378.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Peak's letter filed in this court on 13 July 1994, as a motion for the appointment of counsel and for oral argument. So construed, we deny the motion
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Peak also alleges that: (1) the jury was improperly instructed; (2) the prosecution withheld exculpatory evidence; and (3) there was a "violation of confidential information." Peak, however, failed to present these claims in his petition filed in the district court. We, therefore, decline to reach the merits of these claims on appeal. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)